assistance. When the assignee desires to pay for any such assistance out of funds in his hands, belonging to the estate, before submitting his final account, he should apply to the court for the allowance of the same, or the person rendering the service may himself apply. In either case the assignee would be at liberty to charge the amount allowed to the estate at once, on payment of the same. If no such application is made, or if he has incurred liabilities or made disbursements for such assistance, or otherwise, in regard to which no allowance has been made, or if he makes a claim for services other than the per centum on moneys received and paid out by him allowed by section 28, then the assignee must accompany his final account with a separate and distinct application for an allowance of the same, and submit to such examination and furnish such proofs as may be required touching the necessity of such disbursements and services and the reasonableness of the amounts charged. The matter will then be heard and determined by the register, if uncontested, or by the court, if contested, and as the same shall be thus determined, the assignee will be at liberty to charge the estate in his final account, and not otherwise.

The application should contain a brief statement of the circumstances out of which the necessity for the disbursements, and the professional or clerical assistance, and the assignee's own services, arose, and from which the reasonableness of the amounts claimed therefor may appear, and it should be verified by the assignee. In case the application accompanies the final account, it will, of course, be laid before the creditors at the same time, and if they assent or fail to object to the same, and the items and amounts appear to be just and reasonable, all further inquiry may be dispensed with.

In this case the assignee, laboring, no doubt, under a misapprehension as to his legal rights and duties in this regard, seems to have assumed to judge for himself, not only as to the necessity of the disbursements and services, but also as to the reasonableness of the amounts, and so charged the same directly to the assets of the estate in his hands, without first having obtained an allowance of the same. The register was, therefore, correct in refusing to audit and pass the account under the circumstances stated by him in his certificate, without a proper showing by the assignee of the necessity of the professional and clerical assistance, and for his own services, charged in the account. The assignee has, however, now supplemented his account with a particular statement as to the charges for clerk hire, and as to such portion of the charges for professional services as do not explain themselves, and has also submitted to an oral examination before me in relation thereto, and also in relation to his own services, and the particulars thereof, from all of which it satisfactorily appears that the professional and clerical services and the services of the assignee, charged in his account, were necessary in the execution of his trust, and that the charges therefor are reasonable in amount; the same must, therefore, be allowed.

It will be observed, that, in this particular case, the assignee has not been required to conform, in all respects, to the general rule above laid down; as, for instance, he has not been required to present a new account, omitting the charges for professional and clerical assistance, and for his own services, other than his per centum, under section 28, and then to present a separate application for their allowance. This must be understood as an exception merely as to this particular case, and as in nowise qualifying the general rule.

---

NOYES, In re. See Case No. 10,164.

---

## Case No. 10,372.

### NOYES et al. v. BRENT.

[5 Cranch, C. C. 551.] [1]

Circuit Court, District of Columbia. March Term, 1839.

GARNISHEE — COMPENSATION FOR CARE OF GOODS —GOOD FAITH.

A garnishee who received the goods of the defendant under a deed of trust, fraudulent in law as to some of the creditors, if he acted bona fide, is entitled to a reasonable compensation for his services in taking care of goods and selling them, whoever may be entitled to the net proceeds.

This was an attachment of the goods of Ezra Wilmarth, Jr., in the hands of Mr. William L. Brent, at the suit of William Noyes & Co. The garnishee held them under a deed to him by the defendant to secure a debt said to be due by the defendant to his father.

Mr. Marbury, for plaintiffs, prayed the court to instruct the jury, in effect, that if they should find the deed to the garnishee to be fraudulent in law, as to these plaintiffs, the garnishee is not entitled to retain out of the funds in his hands a compensation for services rendered by him as trustee under the deed, while acting for the supposed creditor intended to be secured thereby.

THE COURT, however (THRUSTON, Circuit Judge, absent), was of opinion that the garnishee, if he acted bona fide, was entitled to a reasonable compensation for his services in taking care of the goods and selling them, whoever might be entitled to the net proceeds.

[See Case No. 10,373.]

[1] [Reported by Hon. William Cranch, Chief Judge.]